Scott M. Hervey, State Bar No. 180188
Josh H. Escovedo, State Bar No. 284506
WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:  916.558.6000
Facsimile:  916.446.1611
Email: shervey@weintraub.com
Email: jescovedo@weintraub.com

Attorneys for Plaintiff iSmile Dental Products, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| iSMILE DENTAL PRODUCTS, INC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMILE DENTAL SUPPLY, INC., a corporation of unknown jurisdiction; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

iSmile Dental Products, Inc. ("Plaintiff") submits the following complaint and alleges as follows:

## THE PARTIES

1. iSmile Dental Products, Inc. is a duly registered California corporation with its principal place of business located at 4201 Sierra Point Drive, Suite 102, Sacramento, California 95834.

2. Defendant Smile Dental Supply, Inc. ("Defendant") has its principal place of business located at 1 Madison Street, Suite B-6, East Rutherford, New Jersey 07073. Plaintiff is informed and believes that Defendant does business throughout the country, including,

1 without limitation, the State of California, utilizing the mark "Smile Dental Supply" (the
2 "Infringing Mark").

3     3.     The true names and capacities of Does 1 through 100, inclusive, are unknown
4 to Plaintiff, who therefore sues these Doe defendants by such fictitious names. Plaintiff prays
5 for leave to amend this complaint to show the true names and capacities of said Does when
6 the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that
7 each of said Doe defendants is responsible for the actions hereinafter alleged and described.

8     4.     Upon information and belief, at all times herein mentioned, each defendant,
9 including the Doe defendants, acted individually and/or as the agent, co-conspirator, aider,
10 abettor, joint venture, alter ego, third-party beneficiary, employee, officer, director, or
11 representative of the other defendants and in doing the things hereinafter averred, acted within
12 the course and scope of such agency, employment, or conspiracy, and with the consent,
13 permission, and authorization of each of the remaining defendants. Upon information and
14 belief, all actions of each defendant as averred in the claims for relief stated herein were
15 ratified and approved by every other defendant or their officers, directors, or managing agents.

## JURISDICTION AND VENUE

17     5.     This Court has original jurisdiction over this action pursuant to 28 U.S.C.
18 section 1338 and 15 U.S.C. section 1121 in that this action arises out of a violation of the
19 Lanham Act, 15 U.S.C. section 1051 *et seq.*

20     6.     Venue is proper in the Eastern District of California pursuant to the requirements
21 of 28 U.S.C. section 1391(b), because a substantial part of the events or omissions giving rise
22 to the claim occurred in this district.

23     7.     This Court has personal jurisdiction over the parties because they have
24 transacted business within the district, including the sale and distribution of professional dental
25 office products.

26 ///
27 ///
28 ///

## GENERAL ALLEGATIONS

8. Plaintiff has been doing business as iSmile Dental Products since on or around May 1, 2008. Plaintiff provides quality dental products at economical rates to a variety of vendors, including without limitation, dental offices.

9. In furtherance of doing business as iSmile Dental Products, Plaintiff filed an application with the United States Patent and Trademark Office (the "USPTO") for federal registration of the mark ISMILE DENTAL PRODUCTS (the "Mark") on July 23, 2008. The Mark was filed in international classes 10, and described as follows:

> Dental products, namely, acrylic goods in the nature of cartridge guns for dispensing acrylic dental materials, mixing tips for acrylic dental materials, and temporary crown and bridge material constructed out of acrylic materials; articulating paper; disposable dental products, namely, patient bibs, cotton sponges and rolls, headrest covers for dental examination chairs, and dental tray covers made of paper; tongue depressors; endodontic apparatus, namely, endodontic hand files; dental instruments, namely, evacuation devices in the nature of saliva ejectors, high volume evacuator tips, surgical evacuator tips, evacuator system cleaners, disposable trap filters for evacuation devices; dental gloves; bite registration products, namely, dental impression trays and dental bite trays; dental instruments, namely, mixing tips, infection control products, namely, plastic barrier products in the nature of films and plastic devices used as a protective germ barrier in the dental field; dental examination isolation gowns and coats; dental masks; sterilization pouches; medical x-ray film used by dental professionals; instruments, preventatives, specialty dental office products, and other dental products used by dental professionals, namely, disposable prophy angles, amalgam carriers, amalgam pluggers, burnishers, carvers, cheek retractors, cleoid discoid instruments, college pliers, crown removers, currettes and scalers, explorers, expros, excavators, extracting forceps, hemostats, mouth mirrors, needle holders, plastic filling instruments, rubber dam clamps, scissors, spatulas, syringes, specialty dental office products and other dental products, namely, x-ray mounts, carbide burs, composite and cement accessories, namely, brushes, etch gels, mixing tips, mixing wells, needle tips, and syringes, irrigating needles and syringes for medical use.

The application reflects May 1, 2008 as the date of first use.

10. On April 20, 2010, the USPTO registered the Mark. Since that time, Plaintiff has continued to utilize the Mark in commerce, including without limitation, through its website at <www.ismiledp.com>.

11. In March 2016, Plaintiff's president and CEO Bryan Shields was contacted by a vendor partner, Keystone Dental Group, who sent him a graphic approval sheet that was intended for Defendant. This graphic approval sheet requested Defendant's approval for a graphic design that the vendor generated for Defendant's use in commerce in conjunction with

{2051464.DOC;3}   3   Complaint for Trademark Infringement

its "Light-Cure Sealant with Fluoride." This instance of actual confusion brought Defendant's Infringing Mark to Plaintiff's attention.

12. Consumer confusion is guaranteed due to the similarity of the Infringing Mark to Plaintiff's Mark and the fact that both marks are utilized on the same exact goods.

13. Because Plaintiff believes that Defendant's Infringing Mark will cause consumer confusion, Plaintiff brings this complaint for trademark infringement.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement, 15 U.S.C. § 1114 *et seq.*)

14. Plaintiff realleges and incorporates each of foregoing paragraphs of this Complaint by reference as if fully set forth herein.

15. Defendant has infringed Plaintiff's Mark in interstate commerce by various acts, including selling, offering for sale, and advertising the same or similar dental products, including without limitation, through e-commerce, mail order, phone sales and in-person visits to dental offices, in conjunction with the Infringing Mark.

16. Defendant's use of the Infringing Mark is without Plaintiff's permission or authority, and said use by Defendant is likely to cause confusion, mistake, or to deceive consumers due to the Infringing Mark being nearly identical to Plaintiff's Mark. In fact, the Infringing Mark has already caused actual confusion.

17. Defendant's acts of trademark infringement have been committed with the intent to cause confusion, mistake, and deceit. Plaintiff is a leading provider of economical dental products provided through e-commerce, mail order, telephone sales, and in-person visits to dental offices to a variety of consumers, including without limitation, dental labs, dental offices and schools. Furthermore, Plaintiff and Defendant are doing business in many of the same states, including, without limitation, California. Therefore, Defendant was aware of Plaintiff's business and sought to benefit from Plaintiff's established reputation in the industry by confusing and deceiving consumers into thinking Plaintiff and Defendant were related businesses.

///

18. As a proximate result of Defendant's infringing conduct, Plaintiff has suffered, and will continue to suffer, damage to its business, reputation, and goodwill, and the loss of sales and profits Plaintiff would have made but for Defendant's acts.

19. Defendant threatens to continue to do the acts complained of herein and, unless restrained, will continue to do so, all to Plaintiff's irreparable damage. It would be difficult to ascertain the amount of compensation that could afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Therefore, Plaintiff's remedy at law is inadequate to compensate it for the injuries threatened.

In light of the foregoing, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for judgment in this action as follows:

1. for an order enjoining and restraining Defendant, its agents, servants, and employees from directly or indirectly infringing Plaintiff's Mark in connection with dental products sold through platforms, including without limitation, e-commerce, mail order, phone sales and in-office visits, and/or advertising regarding the same;

2. for an order enjoining and restraining Defendant, its agents, servants, and employees from directly or indirectly infringing Plaintiff's Mark, or any other mark, word, or name similar to Plaintiff's Mark, which is likely to cause confusion;

3. for an order that Defendant is required to deliver and destroy any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession that reflect the Infringing Mark, or any mark, word, or name that this Court finds confusingly similar;

4. for an order that Defendant is required to account to Plaintiff for any and all profits derived by Defendant from the sale of Defendant's goods and for all damages sustained by Plaintiff by reason of said acts of infringement complained of herein;

5. for an order granting Plaintiff punitive and exemplary damages against Defendant and in favor of Plaintiff by reason of Defendant's fraud and palming off;

6. for an order granting Plaintiff treble damages;

7.    for an order granting Plaintiff cost of suit;

8.    for an order granting Plaintiff its reasonable attorneys' fees;

9.    for an order granting Plaintiff pre- and post-judgment interest at the legal rate; and

10.   for an order granting such other and further relief as the Court deems just.

Dated: May 13, 2016        Respectfully submitted,

**WEINTRAUB TOBIN** CHEDIAK COLEMAN GRODIN
Law Corporation

By:   /s/ Josh H. Escovedo
       Josh H. Escovedo
       California State Bar No. 284506

Attorneys for Plaintiff iSmile Dental Products, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all eligible issues.

Dated: May 13, 2016        Respectfully submitted,

**WEINTRAUB TOBIN** CHEDIAK COLEMAN GRODIN
Law Corporation

By:   /s/ Josh H. Escovedo
       Josh H. Escovedo
       California State Bar No. 284506

Attorneys for Plaintiff iSmile Dental Products, Inc.