UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| iSMILE DENTAL PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMILE DENTAL SUPPLY, INC., a corporation, and DOES 1-100, inclusive,<br><br>Defendant. | No. 2:16-cv-01055-TLN-GGH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** |

This matter is before the Court on Defendant Smile Dental Supply, Inc.'s ("Defendant") Motion to Dismiss for Lack of Jurisdiction (ECF No. 6). Plaintiff iSmile Dental Products, Inc. ("Plaintiff") opposes the motion. (ECF No. 9.) Defendant filed a reply. (ECF No. 12.) Plaintiff also filed a Request for Judicial Discovery (ECF No. 7) to which Defendant filed Objections (ECF No. 8). Having carefully considered the briefing filed by both parties and for the reasons set forth below, Defendant's Motion to Dismiss (ECF No. 6) is hereby DENIED.

I.   **FACTUAL BACKGROUND**

Plaintiff filed the instant action on May 13, 2016.  (Compl., ECF No. 1.)  Plaintiff alleges a single cause of action against Defendant for trademark infringement of Plaintiff's registered trademark.  (ECF No. 1 at 4.)  Plaintiff sought registration of its trademark for "ISMILE DENTAL PRODUCTS" on July 23, 2008.  (ECF No. 1 ¶ 9.)  The United States Patent and

1

1  Trademark Office registered the trademark on April 20, 2010. (ECF No. 1 ¶ 10.) In March 2016,
2  Plaintiff alleges it received an e-mail from a vendor, Keystone Dental Group, who sought
3  approval for a graphic design. (ECF No. 1 ¶ 11.) In actuality, the graphic design was meant for
4  Defendant and Keystone had contacted the wrong company. (ECF No. 1 ¶ 11.) Plaintiff alleges
5  that based on Keystone's actual confusion, consumer confusion is guaranteed in the marketplace.
6  (ECF No. 1 ¶ 12.) Plaintiff further alleges that Defendant infringed Plaintiff's trademark "with
7  the intent to cause confusion, mistake, and deceit." (ECF No. 1 ¶ 17.) As a proximate result of
8  Defendant's infringement, Plaintiff alleges it has "suffered, and will continue to suffer, damages
9  to its business, reputation, and goodwill and the loss of sales and profits." (ECF No. 1 ¶ 18.)
10 Plaintiff seeks injunctive and monetary relief. (ECF No. 1 at 5–6.)

11 Defendant filed the instant Motion to Dismiss for Lack of Jurisdiction (ECF No. 6) before
12 filing an answer.

13    **II.    STANDARD OF LAW**

14 A judgment rendered in violation of due process is void, and due process requires that a
15 defendant be subject to the personal jurisdiction of the court. *World–Wide Volkswagen Corp. v.*
16 *Woodson*, 444 U.S. 286, 291 (1980) (citing *Pennoyer v. Neff*, 95 U.S. 714, 732–33 (1878)).

17 When there is no federal statute authorizing personal jurisdiction, the district court applies
18 the law of the state in which the district court sits. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647
19 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute, is coextensive with federal due
20 process requirements. Cal. Civ. Proc. Code § 410.10. Accordingly, the "jurisdictional analyses
21 under state law and federal due process are the same." *Mavrix Photo*, 647 F.3d at 1223 (citing
22 *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (2004)).

23 There are two types of personal jurisdiction: general and specific. General jurisdiction
24 exists when a defendant's "continuous corporate operations within a state [are] so substantial and
25 of such a nature as to justify suit against it on causes of action arising from dealings entirely
26 distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). Specific
27 personal jurisdiction, on the other hand, exists when the suit arises out of or relates to the
28 defendant's contacts with a forum. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. 408,

414 n.8 (1984); *Int'l Shoe*, 326 U.S. at 316 ("due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' ") (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Wash. Shoe Co. v. A–Z Sporting Goods Inc.*, 704 F.3d 668, 671–72 (9th Cir. 2012). However, when the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)) (internal quotation marks omitted). The court resolves all disputed facts in favor of the plaintiff. *Id.* at 672.

### III. ANALYSIS

Defendant asserts it has insufficient contacts with California to justify the exercise of personal jurisdiction by this Court. (ECF No. 6 at 1.) Plaintiff contends that Defendant is subject to specific jurisdiction in California because it does business in the state.[1] (ECF No. 9 at 1.)

The Ninth circuit applies a three-part test to determine if the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). The plaintiff bears the burden of proving the first two prongs of the test. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If the first two prongs are met, then "the defendant must come

---

[1] Neither party asserts Defendant's connections with California are so numerous as to create general jurisdiction. Therefore, the Court turns solely to an analysis of specific jurisdiction.

1  forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*
2  (quoting *Schwarzenegger*, 374 F.3d at 802).

   A. <u>Purposeful Availment or Purposeful direction</u>

   Under the first prong of the *Brayton* test, Plaintiff bears the burden of establishing that Defendant "has performed some act or consummated some transaction within the forum or otherwise purposefully availed itself of the privileges of conducting activities in the forum." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Ninth Circuit has refined this test to mean a defendant has either: (1) purposefully availed itself of the privilege of conducting activities in the forum; or (2) purposefully directed his activities toward the forum. *Schwarzenegger*, 374 F.3d at 802.

   Plaintiff argues that Defendant has purposefully availed itself of the benefits and protections of California law. (ECF No. 9 at 3–4.) Defendant asserts that it never took any action or purposefully invoked the laws of California which would subject it to personal jurisdiction. (ECF No. 6 at 5.) Plaintiff uses the term "purposeful availment," which the Ninth Circuit in *Pebble Beach* explained is sometimes used to include both purposeful availment and purposeful direction. *Id.* However, purposeful availment and purposeful direction are two distinct ways of meeting the first prong of the *Brayton* analysis. *Id.* Because the Court concludes that purposeful direction is satisfied, the Court will not conduct an analysis under purposeful availment.

   *i.   Purposeful Direction*

   Purposeful direction requires an intentional act and "something more." *Pebble Beach*, 435 F.3d at 1156. Something more is whether the defendants conduct was expressly aimed at the forum. *Id.* "Evidence of direction generally consists of action taking place outside the forum that is directed at the forum." *Id.* at 1155. The Ninth Circuit has suggested that evidence of purposeful direction includes activities such as distribution and advertising. *Schwarzenegger*, 374 F.3d at 802.

   Defendant analogizes its website to the passive website in Pebble Beach and argues that its website is similarly not directed at California. (ECF No. 12 at 2–4.) In *Pebble Beach*, Pebble Beach Golf Resort sued the owner of a Bed and Breakfast in southern England for trademark

4

1  infringement. *Pebble Beach*, 435 F.3d at 1153.  Pebble Beach alleged that the defendant
2  infringed its trademark through the use of the website *www.pebblebeach-uk.com*.  *Id.*  The
3  website provided general information about the accommodations the defendant provided,
4  including lodging rates, a menu, and a wine list.  *Id.*  However, the website was not interactive.
5  Instead, visitors interested in obtaining more information about the bed and breakfast filled out an
6  online inquiry form.  *Id.* at 1154.  Customers could not make reservations online, book rooms or
7  pay for services.  *Id.*  Based on these facts, the Ninth Circuit held that personal jurisdiction does
8  not exist where the sole basis for obtaining jurisdiction is a passive website absent actions that
9  can be construed as being expressly aimed at the forum.  *Id.*  Not surprisingly, Defendant asserts
10 that its website is akin to the website in *Pebble Beach* — *i.e.* customers cannot order over the
11 website, but submit a form indicating interest in buying supplies.  (Second Decl. of Ken Ucar,
12 ECF No. 12-1 ¶ 2.)

13     Plaintiff does not address the *Pebble Beach* case.  Instead, Plaintiff argues that the website
14 is interactive and relies on *Chloe v. Queen Bee Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir.
15 2010), for the proposition that an interactive website and a single sale to New York met the
16 requirements of the purposeful direction prong.  (ECF No. 9 at 7.)  In support of the website's
17 interactivity, Plaintiff argues that Defendant's website "permits the user to exchange information
18 with the host computer, including without limitation, creating an account, contacting the user via
19 email, which requires exchange of contact information, and most important of all, purchasing
20 goods that are shipped directly to the user anywhere in the U.S."  (ECF No. 9 at 8.)  Courts have
21 found that websites permitting customers to purchase products around the U.S., even with limited
22 sales to the forum, are enough to show purposeful availment.  *See Stomp, Inc. v. NeatO, LLC*, 61
23 F. Supp. 2d 1074, 1078–79 (C.D. Cal. 1999); *Smith Enterprise, Inc. v. Capital City Firearms*, No.
24 CV 07–02163–PHX–EHC, 2008 WL 2561882, at *3 (D. Ariz. June 24, 2008).

25     Here, the facts as presented by the parties essentially describe the middle ground between
26 *Pebble Beach* and *Chloe*.  Defendant admits that it maintains a website and that customers can
27 "send a form indicating interest in buying supplies" from the website.  (ECF No. 12-1 ¶ 2.)
28 Plaintiff argues that customers can purchase goods from the website that are shipped directly to

5

1  the user anywhere in the U.S.  (ECF No. 9 at 8.)  The Court has reviewed the website which
2  Defendant provided.  *See* Smile Dental Supply, http://*www.smiledentalsupply.com* (last visited
3  March 24, 2017).[2]  From its review, the Court notes that the website allows customers who have
4  become members of the website to place items into an online shopping cart.  The fact that the
5  shopping cart may eventually be transcribed into an online invoice request form sent to Defendant
6  and paid for in some other manner is insignificant.  *See Shuffle Master, Inc. v. Kardwell Int'l,*
7  *Inc.*, No. 2:12-CV-8271-SVW-RZ, 2013 WL 12126745, at *4 (C.D. Cal. April 23, 2013) (finding
8  purposeful availment where visitors to the website have the option of purchasing online or by
9  phone, fax or email).

10     Defendant stretches the bounds of the *Pebble Beach* decision.  In *Pebble Beach*, visitors
11 to the bed and breakfast's website could not book rooms or pay for services online because the
12 nature of the website was essentially a worldwide advertisement.  *Pebble Beach*, 453 F.3d at
13 1154.  The court described the form in *Pebble Beach* as permitting, "[v]isitors to the website who
14 have questions about Caddy's services [to] fill out an on-line inquiry form." *Id.* at 1153.
15 Whereas, in the instant case, visitors to Defendant's website select their desired quantity of
16 products and place them in an online shopping cart.  The website is no less interactive than the
17 website in *Chloe* except that customers may not provide their credit card information over the
18 internet, but instead pay in another manner.  The end result, however, is the same.  The products
19 are sold and shipped nationwide to the customers who placed the orders on-line.  In contrast,
20 customers must travel to England to enjoy the amenities the website advertised in *Pebble Beach*.

21     Accordingly, the Court finds that the website at issue is an interactive website.
22 Furthermore, courts have held that an interactive website plus a single sale is sufficient to
23 constitute "something more" and meet the purposeful direction standard.  *See Chloe*, 616 F.3d at
24 171; *Vanity.com, Inc. v. Vanity Shop of Grand Forks, Inc.*, No. C 12–02912 SI, 2012 WL
25 4755041, at * 3–4 (N.D. Cal. Oct. 4, 2012) (finding "something more" where the defendant

---

[2] On its own motion, the Court takes judicial notice of the website provided by Defendant, *www.smiledentalsupply.com*.  Under Federal Rule of Evidence 201 a court can take judicial notice of a document when the subject "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The Court takes judicial notice for the purpose of viewing the composition of the website, not for the truth of any price, product or fact from the website.

sought to engage with California customers through an interactive website and approximately 0.02% of the total sales were shipped to California).  Here, Defendant admits that two sales of products were shipped directly to California addresses.  (ECF No. 12-1 ¶ 4.)  Therefore, the Court finds that Defendant purposefully directed actions toward California.

          *i.*    *Arising out of or related to Defendant's connection with the forum*

Plaintiff's claims must also arise out of or relate to Defendant's contacts with the forum state in order for personal jurisdiction to be proper.  *See Helicopteros*, 466 U.S. at 414.  Here, the case revolves around a dispute of Plaintiff's registered trademark, which Plaintiff alleges is used in connection with Defendant's "e-commerce, mail order, phone sales, and in-person visits." (ECF No. 1 ¶ 15.)  Therefore, Defendant's website and sales to California are closely related to Plaintiff's complaint for trademark infringement.

          *ii.*    *Jurisdiction is reasonable*

The last prong of the *Brayton* test is whether "the exercise of jurisdiction [] comport[s] with fair play and substantial justice, i.e. it must be reasonable."  *Brayton*, 606 F.3d at 1128.  The Ninth Circuit has detailed seven factors courts should consider in determining whether the exercise of personal jurisdiction is reasonable:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Core–Vent Corp. v. Nobel Indus., AB*, 11 F.3d 1482, 1487 (9th Cir. 1993).  Defendant bears the burden of demonstrating a compelling case that the exercise of jurisdiction would not be reasonable.  *Boschetto*, 539 F.3d at 1016.

Defendant argues that California does not have an interest in regulating the business activity that occurred outside the state, there are no overriding policy considerations that would compel California to take jurisdiction, and that litigating in California would place a great burden on Defendant.  (ECF No. 6 at 6.)  Plaintiff asserts that the forum is no longer inconvenient due to

the advancement of technology. (ECF No. 9 at 6.) Plaintiff argues that California has an interest in adjudicating the case because infringing products were sold here and that the most efficient resolution favors this Court's retention of the case. (ECF No. 9 at 6.) Additionally, Plaintiff contends that Plaintiff's interest in convenient and effective relief warrants the action remain in this forum. (ECF No. 9 at 6–7.)

When considering reasonable jurisdiction, the first factor to consider is that of "purposeful interjection." Courts have stated that even when there is sufficient "interjection" into the state to satisfy purposeful availment, the degree of interjection is a factor to be weighed in assessing the reasonableness of jurisdiction. *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). In *Smith Enterprise*, the court found that a defendant who maintained an interactive website and consummated over 100 sales to the forum had substantially interjected itself into the forum state. *Smith Enterprise*, 2008 WL 2561882, at *5. Here, Defendant maintains an interactive website. However, Defendant's sales to California are limited, only 2 out of 12,500 invoices. (First Decl. of Ken Ucar, ECF No. 6-1 ¶ 5.) Even with a smaller quantity of sales, the evidence supports a finding of purposeful direction and thus, weighs in favor of finding reasonableness.

As to the second factor, burden on the defendant of defending in the forum, Defendant argues that adjudicating in California creates a burden on it because Defendant has no business presence in California and either Defendant or his counsel would have to travel to California to discuss the case in person with opposing Counsel. (ECF No. 12 at 5.) Plaintiff asserts that there is no additional burden placed on Defendant in having the matter in California because Defendant has already hired California Counsel and most proceedings will not require that Defendant be physically present. (ECF No. 9 at 6.) Unless the "inconvenience is so great as to constitute a deprivation of due process, [the burden on the defendant] will not overcome clear justifications for the exercise of jurisdiction." *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128–29 (9th Cir. 1995). Other courts have found that traveling across country is no longer an inconvenience that is so great as to deprive the defendant of due process, especially in an era of fax machines, e-mail and discount travel. *Panavision Intern* 1141 F.3d at 1323. Therefore,

Defendant's argued burden is insufficient particularly with the ease of communication and cost of travel. This factor weighs in favor of a finding of reasonableness.

As to sovereignty, this factor concerns the "extent to which the district court's exercise of jurisdiction in California would conflict with the sovereignty of" New Jersey. *Id.* As in *Panavision*, the federal analysis of trademark infringement would be the same regardless of which state the matter is litigated in. Therefore, the exercise of jurisdiction by a federal court in California does not implicate a sovereignty concern with New Jersey. Thus, this factor weighs in favor of Plaintiff and a finding of reasonableness.

As to the forum state's interest, "California maintains a strong interest in providing an effective means of redress for its residents tortiously injured." *Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir. 1996). Because Plaintiff's principal place of business and place of incorporation is in California, California has an interest in providing redress to Plaintiff. This factor also weighs in favor of reasonableness.

The efficient resolution factor focuses on the location of evidence and witnesses. *Caruth*, 59 F.3d at 129. Here, it is likely that evidence and witnesses are located in both California and New Jersey. Both parties may request witnesses from their own corporations and present evidence from those corporations. Nothing in parties' submissions suggests that one forum contains more evidence or witnesses than the other. Accordingly, this factor is neutral.

As to convenient and effective relief for Plaintiff, while this district may be ideal for Plaintiff due to the location of its business, Plaintiff's inconvenience in another forum is "given little weight." *Panavision Intern.*, 141 F.3d at 1324. Thus, Plaintiff's argued inconvenience from litigating in another forum is of no significance. Being that federal trademark law is applied the same in any federal court, the relief would be no less effective elsewhere. Therefore, this factor weighs in favor of Defendant.

Lastly the Court considers the existence of an alternative forum. Plaintiff does not demonstrate that there is no alternative forum. New Jersey would constitute an alternative forum in which Defendant has sufficient contacts to make it essentially at home there. Furthermore, Plaintiff states that "[i]f the motion is granted, Plaintiff will simply refile the claim in another

state." (ECF No. 9 at 6.) Therefore, the existence of an alternative forum weighs in Defendant's favor.

Weighing all seven factors as laid out by the Ninth Circuit, the Court concludes that the factors taken as a whole weigh in favor of Plaintiff. Therefore, this Court's exercise of jurisdiction would comport with notions of fair play and substantial justice.

### IV.    CONCLUSION

For the reasons stated above, the Court finds that the factors of the *Brayton* test are met and that specific personal jurisdiction exists as to Defendant. Accordingly, Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 6) is hereby DENIED. Furthermore, Plaintiff's request for jurisdictional discovery is DENIED as moot.

IT IS SO ORDERED.

Dated: March 27, 2017

Troy L. Nunley
United States District Judge